must be administered and disposed of as if a committee had not been appointed." I am of the opinion that this is not a sufficient answer to the application. The funds are still in the custody of the court, at the hands of its bailiff, the committee, who is required to account in respect thereto, and thereupon to pay the same over to the executor upon the order of the court. In re Butler, 8 Civ. Proc. R. 56; In re Grout, 83 Hun, 25, 31 N. Y. Supp. 602. As the duty of the court to fix the disbursements, costs, and counsel fees of the petitioner as required by section 2336 has not been performed, it may yet perform that duty, and should do so, notwithstanding the death of the incompetent, for those expenses remain a charge upon the estate. They are not ordinary debts against the estate of the decedent, and the petitioner is not required to present them to the executor to be adjusted and paid in due course of administration. In re Lofthouse, 3 App. Div. 139, 38 N. Y. Supp. 39; In re Clapp, 20 How. Prac. 385.

The executor should be brought into the matter, the reference be proceeded with, and the referee's report made, to the end that the amount of these expenses may be fixed and allowed by the court at an early day. Meanwhile there should be deposited by the committee, in a trust company, to the credit of this proceeding, fifteen thousand dollars of the moneys in the committee's hands, to be held subject to the further order of the court. Upon compliance therewith, the committee may account for the purpose of being discharged. This direction is not to be regarded as even an intimation of the amounts which should be awarded to the petitioner, as to which I can express no opinion for want of sufficient knowledge of the subject.

Let an order be prepared accordingly, and submitted for settlement on two days' notice.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

George S. Ingraham, for committee.
Fletcher, McCutchen & Brown, for appellant executor.
Irving Washburn (Milton A. Fowler, of counsel), for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of Garretson, J., at Special Term.

---

PEOPLE ex rel. SMITH v. WEEKES, Town Clerk.

(Supreme Court, Appellate Division, Second Department. September 28, 1903.)

Proceeding by the people of the state of New York, on the relation of Charles Smith, against H. Luther Weekes, town clerk of the town of Hempstead.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

PER CURIAM. Order affirmed, on authority of In re Seaman, 175 N. Y. 506, 67 N. E. 1090, without costs.